Good morning and welcome to the Ninth Circuit. We are pleased to have Judge Whaley of the Eastern District of Washington who is appearing as a visiting judge and by video. We hope we will be done with the video by next month maybe or the month after, but Judge Watford and I are glad to We will hear today Kon v. Gamboa which we heard the first time a couple years ago and we will begin with Ms. Hine. Yes, hello. I'm sorry, Judge Berzon, I missed the last part that you just said. Actually, we will begin with Mr. Beasley because this is a DOJ appeal so that was wrong. Go ahead, Mr. Beasley. Thank you, Judge Berzon, and may it please the court, Christopher Beasley, Deputy Attorney General, on behalf of the respondent in this case and I guess appellant in this case. As Judge Berzon noted, this court heard the appeal the first time and it noted on that appeal that there was evidentiary deficiency in the record, specifically as to what happened in the parking lot at the time of arrest and therefore the court remanded the matter for an evidentiary hearing to resolve that evidentiary question as to what had happened in the parking lot. That factual resolution, that factual question was resolved in the district court in the state's favor and yet the state lost and so that's what's kind of problematic in this case. That's what's strange. How did the state lose on a claim that had, on a claim that we litigated, that throughout all the litigation had been clear and then all of a sudden the claim changed in the district court and so as I pointed out, at the original oral argument there was discussion of the right to silence issue, wasn't there? Very tangential. It was never a developed argument. There was never any real development as to the legal underpinnings for the right to silence. The law is not different. I mean there's no different law, specifically and expressly there isn't. So the right to silence and the right to counsel are different analytically and how they are actually approached, they're different. Why are they approached differently? In what way? So for example, when a person invokes the right to silence, that cuts off questioning just as when a person invokes the right to counsel. However, with the right to silence, police can come back a day or two later, re-initiate contact, re-warn the the suspect of their Miranda warnings and the person can wave and then continue to talk. With the right to counsel, that is not... Is it safe interrogation? They could just keep him there and keep and then ask him again to speak? Do you have a case of it saying that? That's the law. I thought at a later time, yes, but in the same place at the same time. No, no, that's what I'm saying. It's like a day later, a day or two later. Well, that wasn't what you were saying. You were saying it was in the same place. No, that's not what I said. I may have misspoken, but that's not what I said. I said that a police officer, if the person invokes the right to silence, then at that point, questioning stops. But then a couple of days later... Nothing to do with this case, right? Because it wasn't a second time in a second place. So as it applies to this case, what is the difference? They are different rights and that the invocation of one does not assert the invocation of the other. And so analytically, they're different. They are different rights. They're governed by different standards. And so that's what makes it different. And so when you have a litigant here presenting to the California Supreme Court that his right to counsel has been violated and repeatedly asserts that that's the right, then the question that has to arise is how does that exhaust the right to silence? He never raised that. Oh, wait a minute. As to exhaustion, as I understand what went on here with exhaustion was the exhaustion rights and the procedural default rights merge into each other at some point if the issue could not have been re-raised in the state court, right? And here the state court, and you in the last appeal out of the district court said there was no right procedural default issue and there was no exhaustion. So why are we going back to the exhaustion question? No, we never expressly waived exhaustion. Oh, I'm sorry, but you did expressly raise exhaustion. No, we never expressly waived exhaustion because we never had anything to talk about in terms of was the procedural bars that the superior court had imposed. The superior court had erroneously imposed the procedural bar that the claims that were raised in the petition should have been raised on direct appeal and then a second procedural bar when he filed a second petition in the superior court that it was a successive petition. Those were the procedural bars. We did not assert them at all in the district court because we wanted the district courts to denial of the claims was on the merits. It was ridiculous that the superior court had imposed those procedural bars. It was absolutely a mistake. It was an obvious mistake. And so our argument was that those procedural bars wouldn't have the courts of the court of appeal and the Supreme Court would not have recognized those procedural bars because they were obviously ridiculously imposed by the trial court erroneously. And so we tried to get the district court to make a ruling on the merits. That's why we waived the procedural bars didn't bring them up at all. But we never talked about exhaustion because exhaustion was not something that was on the table because there was nothing to talk about. There was never any sort of the only time exhaustion became an issue was when the district court on remand went south or went sideways on us and started to grant relief did grant relief on a right to silence claim that had never been litigated had never been presented to the state courts was never at play anywhere in the proceedings. That's when we asserted and said this is an unexhausted claim district court you cannot grant relief on this claim. At no point prior to that point did we need to talk about exhaustion. So there was never an opportunity to expressly waive exhaustion. So no we the state did not ever expressly waive exhaustion. Now is it argued the right to counsel claim over and over and over is it fair to the Supreme Court of California to say oh you should have also seen in that and divined there a right to silence claim when the district court the magistrate judge the federal public defender none of those people saw that part is not true. The federal public defender did argue the right to silence well not the federal defender the um there was mention of the right to silence in the uh district in the magistrate judge's opinion originally. In passing yes you're right. What does in passing have to do with that? That that's an important point if there's no analysis it's just a passing reference that says right to counsel right to silence without any analysis as to what's going on that matters. And of course at that point the problem is that the transcript that the government had produced didn't have the sentence in it. It wasn't there. Right? And so I don't understand the question. The transcript that the government was operating on at the time of the district original district court proceedings the key sentence on the right to silence was not in the transcript it was dot dot dot that's correct right and so there was a separate transcript and there was a separate transcript so there was a debate about the transcript so the government was not even acknowledging that this was said but it clearly was said that's that's that that's correct that it was said but just because it was said doesn't mean that khan was actually arguing that it was an invocation of the right to silence he didn't invoke that right he didn't talk about that right he maintained throughout that he was invoking that he had invoked the right to counsel he focused his arguments on the right to counsel even in his traverse after the government had submitted its answer it khan did not talk about the right to silence he continued to argue about the right to counsel then when the magistrate judge came out with the report and recommendation khan submitted objections to that report and and again nothing in the report in the objections as to the right to silence nothing to assert that he was actually invoking the right to silence and had invoked that his focus at all times throughout all of the litigation was that he had invoked the right to counsel that is why all of that isn't it enough uh given that the petitioner here was pro se why wasn't it enough before the state courts that he submitted the transcript and circled and put a check mark next to the it just seems to me yes if we had a lawyer here and the lawyer had emphasized the right to counsel maybe you'd have something to talk about but the person was pro se and why isn't why didn't he get close enough to alerting the california supreme court to because even a pro se litigant is required to put provide not only the factual basis for the claims of circling circling that statement certainly is enough to provide the factual basis but then tie that factual basis to a legal theory and he didn't he said he said his miranda rights which include the right to silence and he cited at least one state case that discussed the right to silence so why wasn't that people versus neil i think so is what i'm sorry why don't you answer and then just really has a question i think so what what he what he did is he said yes the miranda right but he qualified it the miranda right to counsel when he says some points but not others he never did not he never in his petitions said just miranda by itself it was always tied to the miranda right to counsel or the fifth amendment right to counsel it's repeated over and over and over and to suggest that the california supreme court is supposed to divine from all of that that oh there is there's lurking here a right to silence claim is unfair to the california supreme court and it's it's it's it's clear that given the way that he then litigates it in the district court that he wasn't even concerned about a right to silence violation that's not what he raised well then just again it's hard to discuss things with you because you continually misstate the record the attachment e starts evidentiary ever error violations underlined right that's correct okay and then he goes on to qualify as he explains what that miranda violation is mr beasley i'd like to ask you something um we know that the the pro se litigant made a claim about what he said if he if he'd use the word silence and said as um with is it really the substance of what he said in his circle that's got you there because he says that's all i have to say but if he said um i'm going to remain silent as opposed to that's all i've got to say then would you be saying well that's enough and uh even though he didn't talk about it anymore he just talked about miranda in general that nonetheless that would have been enough or does he have to i don't think i don't think in answer to your question judge wiley i don't think that he has there's some sort of special words that he has to say i think that if that statement the statement i have that's all i have to say that statement could be enough it could be enough but given the context it is if it could be enough and he's pro se and that could be enough to tell a police officer he doesn't want to talk then it seems like the fact that he spent the rest of his time talking about the other prong of miranda wouldn't make any difference you see i mean for some reason i see your arguments sort of conflating on he really didn't say enough but if someone would read that and say he said that's all i have to say and concluded that was invoking his right to remain silent then he's it because he circled it and he's and he's raised miranda no i didn't know that i disagree with how that the the circling of the statement itself gives you the factual the factual underpinning but i disagree with the idea that all he ever said was miranda sure he said miranda violation underlined it but then he explains it he explains it to the court and so what the proposition that court is suggesting here is that the supreme court of california is supposed to ignore his explanation of what his what his miranda violation is if i agree if he had said miranda violation underlined that left it at that left nothing said nothing more and circled then i have no argument i agree with that but that's not what happened here here he says miranda violation explains exactly what the miranda violation is it's a violation of the right to counsel i asked for a lawyer none available they ignored my request for a lawyer over and over and over and over that's what he's saying so that's what the california supreme court that's what the state courts are focused on because that's where he focused them upon that's what he focused the district court upon and that's why the focus of the district court was the same and and that's why when the objections come along he's focused on that one claim this was not fairly and squarely presented to the california supreme court it's an unexhausted claim can i ask just one other question oh go ahead judge whaley sorry i i'm sorry i go ahead judge watford but i was going to paraphrase him because i wanted to make sure i understood if he had not said any more than he said miranda and that's all i have to say you would say it's exhausted because anybody reading that would have concluded i've got two issues one is the right to counsel and one is right to remain silent but i haven't gone farther in his argument about miranda that he somehow misled the court and while they might have concluded that if they'd read it closely that he had two rights by having gone farther the supreme court was misled i do not think that the supreme court was misled i think that the supreme court was very clearly given what his complaint was that his right to counsel was what was violated not the right to silence he wasn't concerned about the right to silence if this was a pretty sophisticated litigant in a lot of respects given how clearly he presented his claims but he still is pro se and so we give him the benefit of the doubt but the way that he the way that he articulated his claim by focusing on the right to counsel to the exclusion of the right to silence doesn't it's not that he's misleading the california supreme court he's guiding the california supreme court to clearly consider what his actual complaint is and that's why this claim is unexhausted because he he explained what his claim is without if he had like i said if he had just said miranda left it at that circled the two statements then the california supreme court has to look at that and think okay one's one statement talks about a lawyer one statement says i don't have anything to say then that both of the rights of miranda are implicated but where he has gone so far as to explain clearly what's going on in his in his in his uh complaint that puts the california supreme court in a different posture i thought judge watford had a question but maybe i've answered it no no maybe you could just shift to the merits let's just let's assume that we were not persuaded on exhaustion you do have a merits argument i'd love to hear your additional words on that sure i think on the merits it's it it's this is one of those cases where you have statements made by a police officer and then the statement that the district court found this court has the benefit of listening to the the recording the enhanced recording of what con said um it's it's not an unequivocal unambiguous invocation of the right to silence i am confused i thought you said before it was no i said it could be depending on and i didn't say this part but it could be depending on the circumstances and the circumstances here it wasn't a clear and unambiguous invocation of the right to noting that it's been a lot of time since the arrest noting that con might have some questions wants to talk and then we hear some words and the district court found that those words were so tired that's all i have to say you know something to that effect okay and then there's a pause as the and some shuffling of papers and then the detective then tries to explain what's going on that creates a context where it looks like there's an ambiguity there what is he talking about i'm tired that's what i've got to say i'm tired i don't i'm not invoking a right to silence i don't want to say anything more i'm just telling you that i'm tired that's what i have to say for right now that's those are reasonable interpretations of what his words are and so there's at least one case isn't there that says i don't want to say anything else right now is enough of an invocation yeah and the difference in that case is that the guy the that defendant had been invoked he had been advised to the miranda rights con had not yet been in uh advised miranda rights so he had been advised and then they're in the middle of the questioning as to the crime questioning and interrogation is happening and it's at that point that that defendant says i don't want i don't have anything to say right now i don't want to say anything right now and that is a clear invocation of the right to silence you've got the reference point doesn't miranda itself say that you that the that the invocation will be before or after the miranda rights are read and i didn't hear that isn't miranda i think it's miranda but at least one or more supreme court cases says that the invocation can be before or after the miranda rights are read my understanding of the law is that it's actually not settled that uh the peremptory the peremptory um invocations some courts have held that peremptory invocations are not efficacious other courts have held otherwise i don't know that that matters but what does make a difference in that case is that he had been the defendant had been advised of the miranda right so there's a reference point he then is in the middle of interrogation as to the crime he says i want i don't want to talk anymore right now miranda says if the individual indicates in any manner at any time prior or during questioning that he wishes to remain silent the interrogation must cease yes prior to yeah that's correct as to questioning but that doesn't mean that's not saying as to when the advisal has been given that says nothing about the advisal so the defendant here he's just simply responding to not even an interrogation question but he's telling the officer yeah it's it's i'm tired it's been a while since i was arrested i've been waiting here for a while and those are reasonable interpretations to what con is saying those reasonable interpretations give the officer the right then to resolve the ambiguity and that's what he did he explained the situation read the miranda rights gave con the full opportunity to expressly state yes or no i not and with that your time is about to run um we can give you a couple minutes to rebuttal is that okay thank you i appreciate that your honor okay miss hein good afternoon may it please the court uh deputy federal public defender devin hein on behalf of petitioner appellee con um the issue here is that respondent insists for the first time only after mr con has been granted relief by the district court that they have never that they've never waived exhaustion on mr con's uh miranda invocation and respondent framed this argument by saying that the right to divided when it comes to the pleading standard applying to a pro se petitioner none of this makes sense i'd like to start with the idea that respondent didn't expressly waive this claim they not only expressly addressed it but expressly waived it into their answer the answer states in its uh opening body that all of con's claims appear to be exhausted and then the supporting memorandum specifically addresses the statement of issue here can i ask you to just walk through the chronology a little bit so i make sure i understand absolutely so hang on let me just frame my question point stop just a second the state is saying that the the point you've just made is not a valid one because the only claim it understood to ever have ever been raised until after the remand from our court on the first appeal was this right to counsel claim and so they say but this is what i want you to correct me on they say that the first time your client and your office ever asserted a separate violation of the right to silence was back on remand i guess during the evidentiary hearing and that at that point they did say well whoa whoa wait wait a minute if we're talking about right to silence now that claim has not been exhausted so they say the first time they had an opportunity to raise exhaustion was post remand and that they did so um so maybe you can address what part of that i've gotten wrong right absolutely so i think the issue here is that uh the record has been somewhat muddied as to who knew what and when right so we recall that mr con was unrepresented all three state habeas proceedings but all of his petitions were identical right and respondent has also conceded that his petition to the district court was identical to those in the state court so the first time that so right and if we recall back to the purpose of pleadings and habeas right the petitioner initiates habeas with a petition but it is actually the answer the respondent's answer that is supposed to frame the issues in part because the petitioner as of yet has been unrepresented so when respondent has the is is answering mr con's petition and has the opportunity to address any claims they see there they first state in the opening uh portion of their answer that con's claims appear to be expressly waived well but of course i mean that depends what the claims are so if they don't know that if they don't know that a right to silence is being claimed then their i mean their contention is that their exhaustion statement went to what they understood to have been raised so you need therefore to explain why they should have understood if you're depending on waiver as opposed to what was actually raised then you need in terms of a pro se pleading then you then what matters is what they understood to have been the claim that they were saying was exhausted yes your honor and that's what i was getting to next which is if you look to the body of that pleading the memorandum in answer when they reached this statement of mr con's don't at the time it was portrayed as don't talk that's all i have to say they addressed that statement head on and they said um first this statement is under debate as to whether it's even been made because mr con's transcript is different from ours but even if the statement was made it doesn't matter because it was made before he was mirandized so they have been aware of the statement for some time and addressed it head on um they didn't say that the government's oh what brief is that in memorandum in support of the answer and that is in the record at um three rt 432 to 34 so their answer their very opportunity to respond to petitioners claims they saw that statement they saw that statement as some sort of invocation and therefore challenged it on both a factual and legal basis but is their position though that they understood it to be as an invocation a supposed invocation of the right to counsel i mean i would say that there i could i couldn't tell one way or the other but i think the other problem here is that respondent at all times is sort of in control of what the record looks like and their choice not to address it at some point has to be ascribed to them this is equally true with mr con's initial argument that he had invoked at the time of arrest which they um conveniently failed to address until con had counsel in this court last time so um i think it's also worth noting right that throughout these proceedings it should have been respondents burden right to prove that this statement was lawfully taken that's true in the trial level certainly so we go through trial with with respondent never having to show that mr con statement was lawfully obtained uh we go through direct appeal where mr con somehow is this issue is somehow not raised on mr con's behalf we get to state habeas where mr con is unrepresented and i think uses a the right to counsel i think that that's how pro se petitioners walking through the world would understand miranda and that this designation right to silence is a legal term of art that shouldn't bind a pro se petitioner and then when we get to the district court and its respondents turn to clarify the legal issues they don't raise the issue that a right to silence wasn't particularly stated they don't raise the fact that con said he asked for an attorney at the rest so they were so focused on having this theoretical merits denial from the california supreme court and strategically so that they didn't address these specific issues with con's petition and now they want to address them because the court finally noticed this claim that it overlooked before and i want to i'm okay no one's asking any questions sorry i wanted to um also point out that in some ways this doesn't matter because even if um con had not exhausted this claim you can the court could address that claim if it was if not doing so would result in manifest injustice and that's what the court said happened here the court said that it had overlooked in its own pleadings a claim that had it seen it it would have but that wouldn't excuse that exhaustion i mean if there was not a waiver and if there was not exhaustion there was not a waiver through the procedural default then then the district court couldn't reach it as a matter of manifest injustice right yes they could so i'm sorry i want to make sure i heard you right you're saying that the court could no i'm saying that the fact that the court reached it as a matter of manifest injustice would not deal with the exhaustion problem if there were one oh yes it does when once the question of exhaustion is raised right there are exceptions exceptions to the rule that a claim need to be exhausted one is futility the other is manifest injustice really what's uh your authority for that latter proposition especially i don't i don't recall there being a manifest injustice exception to the exhaustion requirement certainly not in edpa um i'm sorry i will um i believe i have a case in front of you but if i do not i can certainly provide it for you in um also the edpa specifically says that exhaustion has to be directly expressed involved right expressly waived not necessarily directly but expressly waived and five circuits have already agreed that where a respondent waives uh by way of stating this or when it responded states in their answer uh the claims appear to be exhausted that is an express waiver even where they might have been erroneous in making that waiver so uh five circuits have agreed on that point and two circuits have pointed out situations where the respondent may have erred strategically in making that waiver but it was counted as a waiver nonetheless what's your response to the state's argument um let's just turn to the merits of the exhaustion point as the state says um well listen if if uh in the petition itself uh con had just said my rent my miranda rights were violated and left it at that um that you know the state wouldn't have any argument to be made uh on exhaustion but that because con was so explicit in directing all of the attention to the right to counsel um that the california supreme court could be sort of forgiven for overlooking the fact that he was separately invoking the right to silence and then the state points to the fact that the district court itself uh kind of acknowledged that well even though i had before me the exact same transcript with the exact same circling of the invocation and a check mark next to it the district court itself uh kind of missed this because nobody had you know had specifically drawn attention to it so what's your response to faulting i guess the california supreme court for having missed this when the district court said it missed was a clear error the court didn't say that it had missed the issue because the right to silence was not specifically implicated it said it missed it because of the number of pages attached and considering that the reason for petitioners level of pleading is the requirement that they produce reasonably documentary evidence to prove their claims um i would not take the district court's um district court's concession of error to be that the right to silence wasn't highlighted before but that the court had not fully addressed the statement itself um and i also would point to you know i would point to the u.s supreme court statement in boegby mcdougall 454 us 364 where it was looking at a petition that had been dismissed and said that when you construe a petitioner's claims liberally no matter how inartfully pled if you can see any claim for um there could be relief you shouldn't dismiss the claim outright and i think that's the issue here is multiple parties have identified this claim the respondent is basically asking us to unsee the claim and to ignore the right of pro se liberal pleading um when we all see a claim that's otherwise meritorious on its face that's not i don't think that's the way that habeas was ever meant to operate right pro se petitioners have to do their best to raise a claim but if a court can find a claim it would certainly i think be contrary to the spirit of habeas to intentionally ignore that claim um because of a late raised argument about exhaustion so i guess that's all to say that the posture we're in here is very unique um in part because of how respondents chose to address this case right um they were like i said they were dogged in their argument that this was a summary merits denial and they wanted the court to search the record high and low for reasons to deny the claim but when the court says my mere re-review of the exhibits alerted me to a claim i'd missed before now they say that the habeas rules work when a petitioner has raised the right legal standard miranda it's alerted the state court to the federal nature of its claim and as respondent has conceded the legal basis of the claim was noted by circling the statement um the fact that all of these courts unreasonably either ignored or overlooked mr khan's claim as part of the manifest injustice that means we need to affirm the district court's ruling now do you want to respond to um the government's the warden's um merits argument as to whether this wasn't an invocation with righteous silence absolutely um i'd start with the concern about whether or not uh the claim was the statement was made before or after being mirandized this court held in arnold v reynolds that where the petitioner's claim pre uh the petitioner's claim was before they nonetheless granted relief that was a pre-miranda invocation of silence saying he didn't want to be what's the name of that case arnold v reynolds that's 421 f 3rd 859 so that's a pre-miranda case where the right with the sorry where the invocation for silence was raised before mirandizing um i'd also say that you know the reason that we we just reiterated the cases the district court raises they were spot on that's all i have to say has not been held to be ambiguous i don't want to talk no more has not been held to be ambiguous and the law also says that what a police officer says to a petitioner i'm sorry a defendant after they've made their statement does not change whether the statement was ambiguous or not i think that's particularly true here where um i i again you guys asked for the recording so i would assume you've heard it but if you want to hear it again i have it teed up um mr the officer shilling walks mr khan into the interrogation room he introduces himself he ingratiates himself he says i'm sure you have a lot of questions and you want to talk about things and then he waits for mr khan to begin to incriminate himself when mr khan instead takes the opportunity to say i'm so tired that's all i have to say you know the detective waits for i don't i won't say seven seconds because there were the whole point of enhancing the record right was to slow it down so i don't want to misrepresent that but there is a pregnant pause before detective shilling decides what he's going to do about mr khan's invocation and what he chooses to do is speak to mr khan for an he says let me make this easier for you i've heard from everyone else in the case don't you want to tell me your side of the story and then he mirandizes him subjectively this is evidence that the that the police officer understood exactly what mr khan said and didn't like what he heard but that doesn't make this statement unambiguous mr khan's statement remained unambiguously that that was all he had to say so tired that's all i have to say and i'd also say to give more con more i'm so sorry i keep stopping because i think my own echo sounds like you're asking questions but um to give more context to this i point out that while the district court ultimately found there was not enough evidence because due to mr khan's lack of memory and the that's not the same thing as saying that mr khan's first invocation as he understood it didn't happen at all so for mr khan who has already tried once as far as he's recalled to stop this questioning from happening he's now you know been held for a long time without water without a restroom without any questioning and he's been dragged into this room and he says i've been trying to like get a lawyer in here for however long i don't want to talk to you i'm so tired say that i mean that's the problem we tend to parse these things perhaps inappropriately extremely closely and um i i'm i mean it is possible that if he did say what he said he said with regard to the essentially a restatement that says i don't want to talk without a lawyer i mean the notion that these are all that separate is somewhat misleading because the right to um have a lawyer is a right not to talk to be silent until you get a lawyer so they're clearly intertwined and i agree your honor i'm sorry go ahead go ahead that was the point i was trying to make in a sense is that we do look to the context of mr khan's efforts before to stop questioning right whether it be i don't want to talk or i don't want to talk with a lawyer which kind of brings us back to the beginning of this issue of whether or not these things are in fact separate issues that have to be raised by separate terms of art in a pleading right the we can tell from mr khan's conduct at this point that he doesn't want to talk and this is and that the police continue to attempt to get him to talk when he says he doesn't want to and that's why the context of his statements matter but but the fact that the police want him to talk is not a fact that gives context to whether his statement was ambiguous is the point that i'm trying to make um and if the court i don't believe i have any other points i'd like to address directly unless the court has any other questions any questions thank you thank you okay mr peasley two minutes thank you your honor i really don't have anything to add other than that it's the murray versus carrier case united states supreme court case that says that the manifest injustice exception is reserved is reserved in terms of excusing us getting overcoming exhaustion is reserved for the extraordinary case where a probably resulted in the conviction of one who is actually innocent so it is it does exist but in the context of this kind of case i i don't think this qualifies as an extraordinary case we're not dealing with someone who is actually innocent and so i would suggest that that exception to the exhaustion requirement does not exist i haven't really heard anything um beyond i think everything that i've said addresses uh what uh what miss hein has has said and i think my briefing is is clear on this on the subject and it sounds like the the statement under you know miranda rights or what um which you say was clearly only directed at the right to counsel at what what it actually says is i'm invoking my fifth amendment right and my due process right to counsel right yeah i think that's what so how do we know that that's as i mean if that's usually when you talk about fifth amendment you colloquially it's i'm not going to answer any questions i think that the conjunctive matters the fifth amendment and due process right to counsel when he says that's one way to read it and the other way to read it is the fifth amendment and the due process right to counsel yeah i think that certainly is a fair that's a fair way to i asked for an attorney they said none was available i again asked for an attorney at the internet interrogation never does he say the right to counsel is the right to not speak without a lawyer so this dichotomy or this clear dichotomy that you're trying to draw doesn't work very well does it i mean if if i say i don't want to speak why not because i don't have a lawyer that is a perfectly sensible statement right yes i agree with that um and so without the cause it's still a statement that could be intertwined with the right to counsel no you're correct that they are intertwined but then analytically they're treated differently i don't know why the united states supreme court and i think it was michigan be mostly said that they're different that they're different rights that i don't it doesn't i don't understand necessarily why they're treated differently in terms of okay well you've asked for an attorney you can never be asked any questions ultimately when the argument was made that they should be no they're the same for that purpose for that legal purpose and and that that may be true in that in that sense but when you have a case here where he's very clear as to what it is he's asking for and he's narrowing the focus of all of the courts not just the state courts but even the federal courts including this court on appeal when the focus is as narrow as it is that cabins the fair case to the state where this has been so cabined not by us but by the petitioner himself and by the federal public defender representing him on appeal the first time around that when it gets that cabined and then all of a sudden we get a relief granted on a claim that none of us had ever thought about none of us had ever addressed well it was argued before us so i don't know how you could say nobody ever heard of it and the last the last argument that we had in this court there were at least three sentences dealing with the right to silence with no legal art with no analysis with no development with nothing beyond just passing references i think that that's not enough to to really bring an issue to the fore especially when you're dealing with an attorney that's bringing it before the court and a citation drive by citation by an attorney without any legal analysis isn't really much of a citation of legal authority at all so i would a i've made my point clear the court understands what this case is all about i thank you both very much it was nice to see you again um and we hope that we're not going to see you a third time um anyway thank you um the case is uh submitted and we are adjourned thank you thank you
judges: BERZON, WATFORD, Whaley